# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                                            Case No. 16-10574-WRS
                                                                                          Chapter 13

ANGELA ROACH,

      Debtor

## MEMORANDUM OPINION

This Chapter 13 bankruptcy case is before the Court on the motion to confirm the termination or absence of the automatic stay filed by White Coast Trust ("White Coast"). (Doc. 17). The issue raised by White Coast's motion is whether, pursuant to 11 U.S.C. § 362(c)(3)(A), the automatic stay completely terminates as to property of the debtor and the estate, or whether it merely terminates as to property of the debtor, when an individual debtor files Chapter 13 within one year after the dismissal of a prior bankruptcy. White Coast argues that the automatic stay terminates completely, while the Debtor argues that it does not terminate as to property of the estate. The Court held a hearing on August 2, 2016, and the parties have filed briefs in support of their respective positions. (Docs. 26 and 27). For the reasons set forth below, the Court concludes that the automatic stay does not terminate as to property of the estate under 11 U.S.C. § 362(c)(3)(A). White Coast's motion is GRANTED IN PART and DENIED IN PART.

## I. FACTS & PROCEDURAL HISTORY

Angela Roach ("Roach") financed the purchase of a 2009 Mitsubishi Galant with a loan from Auto Funding Services, which obtained a security interest in the vehicle and subsequently assigned its interest to White Coast. (Doc. 26). Roach defaulted on the vehicle loan and filed Chapter 13 bankruptcy on October 24, 2014. (Case No. 14-12154). The Court dismissed

Roach's 2014 bankruptcy case on March 8, 2016 due to her failure to make plan payments. (Case No. 14-12154, Doc. 42).

Roach promptly filed the instant Chapter 13 case on March 29, 2016, and did not move to extend the automatic stay. (Doc. 1). Her plan proposed a cramdown of White Coast's secured claim[1] and provided that property of the estate will remain in the estate after confirmation; the Court confirmed this plan on July 14, 2016. (Docs. 2 and 24). White Coast filed the motion at issue on June 20, 2016, seeking a determination that the automatic stay had terminated with respect to property of the estate.[2] (Doc. 17). Both parties agree that the vehicle is property of the estate.

## II. LAW

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a), and the District Court's General Order of Reference dated April 25, 1985. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). This is a final order.

### A. Termination of the Automatic Stay

The automatic stay prohibits any entity from enforcing a lien against, or acting to obtain possession of or exercise control over, property of the estate. 11 U.S.C. §§ 362(a)(3)-(4). However, "if a single or joint case is filed by or against a debtor who is an individual in a case

---

[1] Roach values the vehicle at $6,750 and owes more than $9,000 on it, and her plan did not treat White Coast as fully secured. (Doc. 2 and Claim 3). She proposed to pay unsecured creditors nothing. (Doc. 2).

[2] "On request of a party in interest, the court shall issue an order under [§ 362](c) confirming that the automatic stay has been terminated." 11 U.S.C. § 362(j).

-2-

under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, . . .

> (A) the stay under [§ 362](a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate *with respect to the debtor* on the 30th day after the filing of the later case[.]"

11 U.S.C. § 362(c)(3)(A) (emphasis added).[3]  When a repeat-bankruptcy-filer is subject to termination of the automatic stay under § 362(c)(3)(A), "a party in interest" may move for an extension of the automatic stay prior to the expiration of the 30-day period, and the Court may extend the stay "as to any or all creditors" if the movant "demonstrates that the filing of the later case is in good faith as to the creditors to be stayed[.]" 11 U.S.C. § 362(c)(3)(B); *see also* In re Muhammad, 536 B.R. 469, 473 (Bankr. M.D. Ala. 2015).

In this case Roach did not move to extend the automatic stay, so there is no question that the automatic stay has terminated with respect to her property.  *See* In re Berry, 340 B.R. 636, 637 (Bankr. M.D. Ala. 2006).  The question raised, however, is whether the automatic stay terminated as to property of the estate as well.  The Court is unaware of any Alabama bankruptcy

---

[3] The automatic stay does not terminate when the prior bankruptcy case was a Chapter 7 case that was dismissed under 11 U.S.C. § 707(b), and the debtor refiles under a different chapter.  11 U.S.C. § 362(c)(3).  That situation is not present in this case.

court that has considered that question,[4] but the issue has been thoroughly dissected by other courts. The majority view[5] is that under § 362(c)(3)(A) the automatic stay does not terminate

---

[4] Berry and In re Cline, on which White Coast relies, are inapposite. The issue in Berry was whether the Court had discretion to extend the automatic stay when the debtor filed his motion for an extension after the 30-day period had expired. Berry, 340 B.R. at 637. Cline addressed whether the terms of a confirmed Chapter 13 plan prohibit creditors from taking action contrary to the plan, notwithstanding the termination of the automatic stay under § 362(c)(3)(A); the Cline court held they did not. Cline v. Deutsche Bank Nat'l Trust Co. (In re Cline), 386 B.R. 344, 353-54 (Bankr. N.D. Ala. 2008). Roach does not base her legal argument on the Court's order confirming her plan, so the Court assumes *arguendo* that the holding in Cline is correct. *But see* State of Fla. Dep't of Revenue v. Gonzalez (In re Gonzalez), --- F.3d ----, 2016 WL 4245422, 2016 U.S. App. LEXIS 14789 (11th Cir. Aug. 11, 2016) (holding that the domestic support obligation exception to the automatic stay under 11 U.S.C. § 362(b)(2)(C) does not override the contrary provisions of a confirmed plan pursuant to 11 U.S.C. § 1327(a)). Neither Berry nor Cline address whether § 362(c)(3)(A) terminates the automatic stay completely or only as to property of the debtor.

[5] Abernathy, LLC v. Smith, 2014 WL 4925654, 2014 U.S. Dist. LEXIS 137918 (N.D. Ga. Sept. 30, 2014); Chekroun v. Weil (In re Weil), 2013 WL 1798898, 2013 U.S. Dist. LEXIS 60500 (D. Conn. Apr. 29, 2013); U.S. Bank Nat'l Assoc. v. Mortimore (In re Mortimore), 2011 WL 6717680, 2011 U.S. Dist. LEXIS 146423 (D.N.J. Dec. 21, 2011); Witkowski v. Knight (In re Witkowski), 523 B.R. 291 (1st Cir. B.A.P. 2014); Holcomb v. Hardeman (In re Holcomb), 380 B.R. 813 (10th Cir. B.A.P. 2008); Jumpp v. Chase Home Fin., LLC (In re Jumpp), 356 B.R. 789 (1st Cir. B.A.P. 2006); In re Daux, 2016 Bankr. LEXIS 2696 (Bankr. D.N.J. Jul. 22, 2016); In re Hale, 535 B.R. 520 (Bankr. E.D.N.Y. 2015); In re Gautreaux, 2014 WL 4657433 (Bankr. E.D. La. Sept. 16, 2014); In re Williford, 2013 WL 3772840, 2013 Bankr. LEXIS 2871 (Bankr. N.D. Tex. Jul. 17, 2013); In re Rodriguez, 487 B.R. 275 (Bankr. D.N.M. 2013); In re Scott-Hood, 473 B.R. 133 (Bankr. W.D. Tex. 2012); In re Rueth, 2012 Bankr. LEXIS 5249 (Bankr. N.D. Ind. Nov. 8, 2012); Rinard v. Positive Investments, Inc. (In re Rinard), 451 B.R. 12 (Bankr. C.D. Cal. 2011); In re Alvarez, 432 B.R. 839 (Bankr. S.D. Cal. 2010); In re Dowden, 429 B.R. 894 (Bankr. S.D. Ohio 2010); In re Robinson, 427 B.R. 412 (Bankr. W.D. Mich. 2010); In re Graham, 2008 WL 4628444, 2008 Bankr. LEXIS 2694 (Bankr. D. Or. Oct. 17, 2008); Independent Dealers Advantage, LLC v. Milledge (In re Milledge), 2008 WL 7866897, 2008 Bankr. LEXIS 1741 (Bankr. N.D. Ga. Apr. 10, 2008); In re Stanford, 373 B.R. 890 (Bankr. E.D. Ark. 2007); In re Ajaka, 370 B.R. 426 (Bankr. N.D. Ga. 2007); In re Tubman, 364 B.R. 574 (Bankr. D. Md. 2007); In re McFeeley, 362 B.R. 121 (Bankr. D. Vt. 2007); In re Simonson, 2007 WL 703542, 2007 Bankr. LEXIS 790 (Bankr. D.N.J. Mar. 2, 2007); In re Rice, 392 B.R. 35 (Bankr. W.D.N.Y. 2006); In re Pope, 351 B.R. 14 (Bankr. D.R.I. 2006); In re Murray, 350 B.R. 408 (Bankr. S.D. Ohio 2006); In re Brandon, 349 B.R. 130 (Bankr. M.D.N.C. 2006); Bankers Trust Co. of Cal. v. Gillcrese (In re Gillcrese), 346 B.R. 373 (Bankr. W.D. Pa. 2006); In re Williams, 346 B.R. 361 (Bankr. E.D. Pa. 2006); In re Harris, 342 B.R. 274 (Bankr. N.D. Ohio 2006); In re Jones, 339

-4-

with respect to property of the estate, while the minority view[6] is that it does. The Court will review the leading cases from each position in making its determination.

### B. The Majority View: The Automatic Stay Does Not Terminate as to Property of the Estate

The leading case of the majority view is Jumpp v. Chase Home Fin., LLC (In re Jumpp), 356 B.R. 789 (1st Cir. B.A.P. 2006). The Jumpp panel determined that § 362(c)(3)(A) is unambiguous and that the phrase "with respect to the debtor" means that the automatic stay only terminates with respect to property of the debtor, not property of the estate. Jumpp, 356 B.R. at 793. The Jumpp panel also explained that this differentiation between property of the debtor and property of the estate is consistent with several other provisions of the Bankruptcy Code that specifically delineate their applicability to property of the debtor or property of the estate. Id. at 794-95 (discussing 11 U.S.C. §§ 362(a), 362(c)(4)(A), and 521(a)(6)). Finally, the Jumpp panel determined that its interpretation of § 362(c)(3)(A) would not produce an absurd result, noting

---

B.R. 360 (Bankr. E.D.N.C. 2006); In re Moon, 339 B.R. 668 (Bankr. N.D. Ohio 2006); In re Johnson, 335 B.R. 805 (Bankr. W.D. Tenn. 2006).

[6] Vitalich v. Bank of N.Y. Mellon, 2016 WL 4205691, 2016 U.S. Dist. LEXIS 105779 (N.D. Cal. Aug. 10, 2016); St. Anne's Credit Union v. Ackell, 490 B.R. 141 (D. Mass. 2013); Reswick v. Reswick (In re Reswick), 446 B.R. 362 (9th Cir. B.A.P. 2011); In re Akwa, 2016 WL 67219, 2016 Bankr. LEXIS 27 (Bankr. D. Md. Jan. 5, 2016); In re Wright, 533 B.R. 222 (Bankr. S.D. Tex. 2015); In re Wilson, 2014 WL 183210, 2014 Bankr. LEXIS 194 (Bankr. D. Conn. Jan. 15, 2014); In re Whitescorn, 2013 WL 1121393, 2013 Bankr. LEXIS 974 (Bankr. D. Or. Mar. 14, 2013); In re Hart, 2012 WL 6644703, 2012 Bankr. LEXIS 6005 (Bankr. D. Idaho Nov. 23, 2012); In re Furlong, 426 B.R. 303 (Bankr. C.D. Ill. 2010); In re Daniel, 404 B.R. 318 (Bankr. N.D. Ill. 2009); In re Cannon, 365 B.R. 908 (Bankr. E.D. Mo. 2007); In re Curry, 362 B.R. 394 (Bankr. N.D. Ill. 2009); In re Jupiter, 344 B.R. 754 (Bankr. D.S.C. 2006); In re Parker, 336 B.R. 678 (Bankr. S.D.N.Y. 2006).

that termination of the automatic stay with respect to the debtor would permit creditors to continue lawsuits, attach or enforce liens, or bring eviction actions against the debtor. Id. at 796-97.

No circuit court has weighed in on this issue, but three district courts, one bankruptcy appellate panel, and a plethora of bankruptcy courts have followed Jumpp. *Supra* note 5. The Bankruptcy Appellate Panel for the First Circuit also reaffirmed its original analysis in Jumpp, despite the subsequent emergence of the minority view. *See* Witkowski v. Knight (In re Witkowski), 523 B.R. 291, 296-97 (1st Cir. B.A.P. 2014).

### C. The Minority View: The Automatic Stay Terminates Completely

The leading case of the minority view is Reswick v. Reswick (In re Reswick), 446 B.R. 362 (9th Cir. B.A.P. 2011). The Reswick panel determined that § 362(c)(3)(A) is ambiguous because, in addition to the majority view's interpretation, the phrase "with respect to the debtor" can be interpreted as delineating between a repeat-filing debtor and a non-repeat-filing joint-debtor spouse, with the automatic stay terminating only as to the repeat-filing debtor. Reswick, 446 B.R. at 366-67. The panel explained that the majority view's interpretation renders § 362(c)(3)(A) internally inconsistent because the opening phrase of the statute becomes surplusage if controlling weight is placed on the phrase "with respect to the debtor." Id. at 368. The Reswick panel also explained that under the majority view § 362(c)(3)(A) is "devoid of any practical effect." Id. Additionally, the panel found tension between the majority view's interpretation and § 362(c)(3)(B), which provides "a party in interest" with a mechanism for extending the automatic stay when the debtor is a repeat filer. Id. at 368-69. By contrast, the panel found that interpreting the phrase "with respect to the debtor" as a distinction between

-6-

persons instead of property is a better reading because it is consistent with the distinction between "single or joint case" made in the introductory clause of § 362(c)(3). Id. at 369-70.

The Reswick panel found support for the latter interpretation in the legislative history of § 362(c)(3)(A), which was enacted as part of the Bankruptcy Abuse Prevention and Consumer Protections Act ("BAPCPA"). Id. at 371. The panel explained that Congress was concerned about abusive debtors who were filing successive bankruptcy petitions only as a means of delaying creditors and not for a valid purpose. Id. at 371-72. Congress enacted § 362(c)(3)(A) as a means of curtailing serial filings, and the Reswick panel reasoned that the majority view's interpretation undercuts congressional intent by rendering the termination of the automatic stay essentially meaningless. Id. at 372-73.

Reswick is the only bankruptcy appellate panel decision supporting the minority view, but it is joined by two district courts and a healthy minority of bankruptcy courts. *Supra* note 6.

### III. ANALYSIS

"The task of resolving the dispute over the meaning of" a statute "begins where all such inquiries must begin: with the language of the statute itself." United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989). "[W]hen the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000) (internal quotation marks omitted). The plain language of a statute is "conclusive" unless "the literal application of [the] statute will produce a result demonstrably at odds with the intentions of its drafters." Ron Pair Enters., 489 U.S. at 242. "In such cases, the intention of the

-7-

drafters, rather than the strict language, controls." Id. But "as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." Id. at 240-41.

Nearly all courts agree that § 362(c)(3)(A) is not a model of skillful draftsmanship. *E.g.*, In re Baldassaro, 338 B.R. 178, 182-83 (Bankr. D.N.H. 2006) ("§ 362(c)(3)(A) is very poorly written"); In re Paschal, 337 B.R. 274, 276-78 (Bankr. E.D.N.C. 2006) ("in an Act in which head-scratching opportunities abound for both attorneys and judges alike, § 362(c)(3)(A) stands out"); In re Charles, 332 B.R. 538, 541 (Bankr. S.D. Tex. 2005) (the statutory language is "at best, particularly difficult to parse and, at worst, virtually incoherent"). That does not make it ambiguous. *See* Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) (noting that 11 U.S.C. § 330(a)(1) "is awkward, and even ungrammatical; but that does not make it ambiguous on the point at issue"). The plain meaning of "with respect to the debtor" is that the automatic stay terminates with respect to property of the debtor; by negative implication it does not terminate with respect to property of the estate. That might render much of the statutory language as surplusage, but that does not make the statute's meaning any less straightforward.

The distinction in § 362(c)(3)(A) between property of the debtor and property of the estate becomes even clearer in context. Sections 362(a) and (b) carefully delineate between the two in defining the scope of the automatic stay. Under §§ 362(a)(1), (2), (5), (6), and (7), the automatic stay protects property of the debtor only from pre-petition creditors, not post-petition creditors.[7] Under §§ 362(a)(3) and (4), by comparison, the automatic stay protects property of

---

[7] For example, § 362(a)(2) prohibits "the enforcement, against *the debtor* or against property of the estate, of a judgment obtained *before the commencement of the case*. . . ." 11 U.S.C. § 362(a)(2) (emphasis added).

-8-

the estate from all creditors, including those whose claims arose post-petition.[8]  Likewise, §
362(b)(2)(A)(iv) carves out an exception to the automatic stay for division in a divorce
proceeding of property of the debtor, but not of property of the estate.[9]  Section 362(b)(2)(B)
permits the general collection of a domestic support obligation from property of the debtor, but
not property of the estate.[10]  However, § 362(b)(2)(C) permits the withholding of property of the
debtor *and* property of the estate for payment of a domestic support obligation when the
withholding is authorized by a statute, a judicial order, or an administrative order.[11]  "Where
Congress includes particular language in one section of a statute but omits it in another, it is
generally presumed that Congress acts intentionally and purposely in the disparate inclusion or
exclusion."  Keene Corp. v. United States, 508 U.S. 200, 208 (1983) (internal quotation marks,
brackets, and ellipsis omitted).  The majority view's plain-language interpretation of §
362(c)(3)(A) is in harmony with the carefully crafted statutory framework of §§ 362(a) and (b).

      The minority view's reading of the phrase "with respect to the debtor" as distinguishing
between people rather than property is exceedingly forced.  The phrase would be rendered

---

[8]  E.g., the automatic stay prohibits "any act to create, perfect, or enforce any lien against *property of the estate*[.]" 11 U.S.C. § 362(a)(4) (emphasis added).

[9]  The automatic stay does not apply to "the dissolution of a marriage, *except* to the extent that such proceeding seeks to determine the division of property that is *property of the estate*[.]" 11 U.S.C. § 362(b)(2)(A)(iv) (emphasis added).

[10]  The automatic stay does not apply to "the collection of a domestic support obligation from property that is not *property of the estate*[.]" 11 U.S.C. § 362(b)(2)(B) (emphasis added).

[11]  The automatic stay does not apply "with respect to the withholding of income that is *property of the estate or property of the debtor* for payment of a domestic support obligation *under a judicial or administrative order or a statute*[.]" 11 U.S.C. § 362(b)(2)(C) (emphasis added).

Case 16-10574    Doc 28    Filed 08/25/16    Entered 08/25/16 15:17:36    Desc Main
            Document      Page 9 of 14

essentially meaningless except in the unusual and narrow situation where a married debtor first files a single case, gets dismissed, then re-files a joint case with his or her spouse. However, the remaining language of § 362(c)(3)(A) is very broad. The termination applies to "any action" regarding "a debt or property securing such debt or . . . any lease" in a "single or joint case" of an "individual" under "chapter 7, 11, or 13" when that individual had a prior "single or joint case" under any chapter dismissed within the prior year. The breadth of those phrases indicates that they are supposed to have meaning in every case that triggers § 362(c)(3)(A), and suggests that the phrase "with respect to the debtor" should also have meaning in every § 362(c)(3)(A) case. The majority view's interpretation of "with respect to the debtor" accomplishes this, while the minority view's interpretation does not.

The minority view's interpretation of § 362(c)(3)(A) also conflicts with § 362(c)(1). "Except as provided in [§§ 362](d), (e), (f), and (h) . . . the stay of an act against property of the estate under [§ 362(a)] continues *until such property is no longer property of the estate*[.]" 11 U.S.C. § 362(c)(1) (emphasis added). When Congress allows a creditor to move against property of the estate on grounds other than §§ 362(d), (e), (f), or (h), it does so by first removing the property from the estate. *E.g.*, 11 U.S.C. § 521(a)(6) (if a Chapter 7 debtor fails to redeem a security interest on property of the estate or reaffirm the debt it secures within 45 days, "the stay under section 362(a) is terminated with respect to the personal property of the estate or of the debtor which is affected, *such property shall no longer be property of the estate*, and the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law" (emphasis added)). Section 362(c)(3)(A) says nothing about removing property of the estate from the estate, so the minority view's interpretation brings it into direct conflict with § 362(c)(1)

by permitting creditors to move against property of the estate on grounds other than those specified by § 362(c)(1). The majority view's interpretation, by contrast, works hand-in-glove with § 362(c)(1) by specifically limiting the termination of the automatic stay under § 362(c)(3)(A) to property of the debtor.[12]

The Court concedes that the majority view places § 362(c)(3)(A) in some tension with §§ 362(c)(3)(B) and (C). It is odd that Congress would (1) make automatic stay extension available to any "party in interest" if only the debtor has a reason to seek an extension, and (2) take the trouble to create such an elaborate means of obtaining the extension when there appears to be relatively few situations in which the debtor would need the extension. See Reswick, 446 B.R. at 369; In re Jupiter, 344 B.R. 754, 760 (Bankr. D.S.C. 2006). However, the term "party in interest" in § 362(c)(3)(B) includes the debtor. See 11 U.S.C. § 1109(b). There is no direct conflict between the majority view's reading of § 362(c)(3)(A) and §§ 362(c)(3)(B) and (C) like there is between the minority view's reading of § 362(c)(3)(A) and § 362(c)(1). When forced to choose, the Court prefers inconsistency between two statutes over direct conflict between them.

Finally, there is no tension between the majority view's interpretation of § 362(c)(3)(A) and § 362(c)(4)(A)(i). Under the latter statute, when a debtor files bankruptcy after having two or more prior cases dismissed within the previous year, the automatic stay does not go into effect at all (including with regard to property of the estate) unless a party in interest asks the Court

---

[12] Section 362(c)(4)(A)(i), which deals with cases in which an individual debtor had two or more prior cases dismissed within the previous year, permits creditors to collect against property of the estate without first removing that property from the estate. 11 U.S.C. § 362(c)(4)(A)(i). However, that statute does not conflict with § 362(c)(1) because under § 362(c)(4)(A)(i) the automatic stay never goes into effect in the first place, so there is no "stay of an act against property of the estate" that "continues" under § 362(c)(1).

Case 16-10574    Doc 28    Filed 08/25/16    Entered 08/25/16 15:17:36    Desc Main
Document      Page 11 of 14

within 30 days to impose the stay. 11 U.S.C. §§ 362(c)(4)(A) and (B). By leaving the automatic stay in place as to property of the estate on a second filing, § 362(c)(3)(A) "allow[s] chapter 7 trustees the normal opportunity to determine . . . whether there is non-exempt equity in property of the estate that could be liquidated for the benefit of creditors." In re Williams, 346 B.R. 361, 369 (Bankr. E.D. Pa. 2006). As the Williams court succinctly explained:

> Congress apparently decided that the concerns of abusive bankruptcy filings as to secured creditors were less acute in instances of second filings within one year, as opposed to third filings. Therefore, in the second filing circumstance, secured creditors would still need to seek court approval to terminate the stay under section 362(d) in order to recover estate property serving as their collateral. In third or more filings, the bankruptcy trustee would have to move quickly so as to reimpose the stay.

Id. Given Congress's need to balance the interests of creditors secured by estate property with other creditors, there is nothing incongruous about the majority view's reading of § 362(c)(3)(A) in light of § 362(c)(4)(A)(i).

The Court acknowledges that the majority view leaves § 362(c)(3)(A) a relatively toothless remedy against repeat filers who are abusing the automatic stay, but it is not so toothless as to be absurd. By terminating the automatic stay with respect to the debtor and property of the debtor, § 362(c)(3)(A) permits:

> suits against the debtor [to] commence or continue post-petition because section 362(a)(1) is no longer applicable; judgments [to] be enforced against the debtor, in spite of section 362(a)(2); collection actions [to] proceed against the debtor despite section 362(a)(6); and liens against the debtor's property [to] be created, perfected and enforced regardless of section 362(a)(5).

Id. at 367. Also, "an eviction action can be brought against a debtor with respect to a lease." Bankers Trust Co. of Cal. v. Gillcrese (In re Gillcrese), 346 B.R. 373, 377 (Bankr. W.D. Pa.

-12-

2006) (internal quotation marks omitted). The Reswick panel noted that "Congress could, and did, intend the consequences of repeat filings to be different, and potentially more severe, as the number of successive filings increase [sic]." Reswick, 446 B.R. at 373 (internal quotation marks omitted). Contrary to what the Reswick panel implies, the majority view's interpretation of § 362(c)(3)(A) accomplishes that goal.

Congress may well have intended § 362(c)(3)(A) to have more bite by allowing secured creditors to recover their collateral when it is property of the estate, but when Congress enacts a statute that is unambiguous and not absurd, "[i]t is beyond [the Court's] province to rescue Congress from its drafting errors, and to provide for what [it] might think is the preferred result." Lamie, 540 U.S. at 542 (internal quotation marks and ellipsis omitted). "The Court's 'task is to apply the text, not to improve upon it.'" U.S. Bank N.A. v. Mortimore (In re Mortimore), 2011 WL 6717680, *5, 2011 U.S. Dist. LEXIS 146423, *14 (D.N.J. Dec. 21, 2011) (quoting Pavelic & LeFlore v. Marvel Enter. Group, 493 U.S. 120, 126 (1989)). "If Congress enacted into law something different from what it intended, then it should amend the statute to conform it to its intent." Lamie, 540 U.S. at 542.

## IV. CONCLUSION

When a debtor files bankruptcy within one year after the dismissal of a prior bankruptcy case and fails to move for an extension of the automatic stay within 30 days, the Bankruptcy Code terminates the automatic stay "with respect to the debtor. . . ." 11 U.S.C. § 362(c)(3)(A). The Court now clarifies that on a second filing, the automatic stay does not terminate with respect to property of the estate. Therefore, the automatic stay remains in effect as to property of

the estate under 11 U.S.C. § 362(c)(1). White Coast Trust's motion to confirm the termination or absence of the automatic stay is GRANTED as to the Debtor's property and the Debtor personally, and is DENIED as to property of the estate.

Done this 25th day of August, 2016.

/s/ William R. Sawyer

United States Bankruptcy Judge

c: Michael D. Brock, Attorney for Debtor
   Charles N. Parnell III, Attorney for White Coast Trust
   Sabrina L. McKinney, Acting Trustee